The Honourables, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honourable Court may give their attendance and they shall be heard. God save the United States of America and this Honourable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to Council. The first case today is United States v. Lewis Gardner, appeal number 191584. Mr. Maddox, we're ready for you. Good morning, Your Honour. May it please the Court, I would like two minutes for rebuttal. You may have it. Okay, thank you, Your Honour. This case essentially involves three distinct issues as I see it. Does the issue concerning the plea agreement allow the defendant to withdraw his guilty plea from the record? And did the sentence in court abuse its discretion in not referencing the original sentence as anticipated by the parties in the plea agreement and differentiating that from its final sentence? And then, is the appellee prevented from arguing or contesting that we do not know the judge's sentencing rationale when two criminal history points were erroneously assessed? And that it was clear error for two criminal history points to be erroneously assessed. Which arguments are you going to present to us this morning? Well, I think all three, Your Honour. But I do think that it does seem to me that not answering the two criminal history points, which to me are clear error, both of those criminal history points as articulated in the brief for appellant show that they should not have been included in the ultimate calculus that the sentencing court based their decision upon. And we don't know, absent those two points, how the court would address that issue. Additionally, the sentencing court did not assess any amount of disparity between the 120 months mentioned in the plea agreement and its ultimate decision and did not explicate a rationale for that difference. Counsel, why don't you focus on the withdrawal of the plea issue, if you would, please? Okay. With respect to the withdrawal of the plea issue, it seems to me if we are focusing on contract law and an alleged meeting of the minds between the parties, that the analysis of whether what Lewis Gardner understood when he entered into that plea agreement should be analyzed. And that was not done. I had requested, I had suggested an evidentiary hearing to see what the meaning of the minds would have been concerning that issue. And that was not done. And the reference paragraph in the brief for appellant suggests that the entire agreement should be null and void if the government were permitted to withdraw. And so that was the basis on which... When you refer to the paragraphs in the brief for the appellant, are you actually referring to paragraph 6 in the plea agreement, not the brief? Yes, that's what I mean. The combination of the paragraph 6 and 17 as announced in the brief for appellant. I would also say that one of the issues under fair and just reasoning is considered actual innocence. And it seems to me that that should be reserved for those rare cases that such as a Alford plea, where a defendant is playing because they believe in the strength of a state's case or government's case and not because they actually were guilty. Because otherwise, why would an appellant plead guilty to begin with? So I think that's a specious argument. And I know that a couple of paragraphs were diverted to it by the appellee. But I just think that that's an erroneous issue and that we don't know what Lewis Gardner meant or understood in terms of contract principles when he entered into the agreement. And so that as far as he alleged through his attorney, if part of the agreement is null and void, then so too should his decision to enter a plea in the first place. Because that's the whole idea of a plea agreement. It's a decision to enter into a plea. Are you able to assure us that your client understands that if he prevails on this argument and we were to remand and allow him to withdraw his plea, that he could ultimately end up with a longer sentence, that that's a possibility? I cannot say with 100% assurance that he does understand that, but I think he does understand that. I've spoken with him on several occasions and it's my understanding that he does understand that. Okay. On the withdrawal of the plea, sorry, I'm getting feedback here. Attorney Maddox, I wonder if you could turn down your speakers just a little bit. That may be feedback on your end, sir. And there's about three minutes left, Judge. I'm waiting until he checks the speakers before I... Is that better? Go ahead, Judge. Mr. Maddox, the plea agreement clearly sets forth that the government may withdraw from the agreement it reached if your client commits another offense. It's undisputed he committed another offense. Your client also was questioned whether he understood the terms of the plea agreement and he said he did. So what is the basis for the assertion that he did not understand that the government could withdraw from its agreement to make a plea recommendation? Well, Your Honor, as I suggested in my brief, an evidentiary hearing might have been held to answer that question. And anything I say today is not necessarily what he would say today was his understanding then. And so a contemporaneous hearing as to his understanding was not held. And I would say I would agree with you that it's clear that a violation occurred, allowing the government to withdraw from the plea. But it doesn't, it seems to me that that should render the whole agreement null and void, which would render the plea itself null and void. Please go ahead, Judge. No, I'll defer to you, Judge Lopez. I mean, the plea agreement does identify one circumstance for sure, where he had the right to withdraw his plea. And that would be the circumstance where the court rejects the stipulated sentence. It's quite clear that under that circumstance, he could withdraw his plea. Well, I haven't rejected the stipulated sentence here. I have concluded that the plea agreement no longer stands because you breached the plea agreement. So why doesn't that provision serve to tell your client that that is the circumstance under which he could withdraw his plea, and only that circumstance? Why doesn't, I think that's the view that the district court took. The circumstance that would allow him to withdraw simply does not apply here. Yes, Your Honor, it's my understanding that what you're saying is mentioning of one reason excludes other reasons. And, but we don't, we don't really necessarily know that absent a questioning of the defendant as to his understanding of the plea agreement. Let me just follow up. I mean, the issue here is that would there be some fair and just reason to allow him to withdraw? That's a, we do agree that the issue is whether the district court abused its discretion in concluding that there was no fair and just reason, but that is the standard. Is that correct? Yes, Your Honor. Okay. So just to go back to your earlier discussion of innocence, I mean, the district court addressed that issue. I mean, it made the point that your client says that given the opportunity, he would raise a suppression issue or an entrapment issue. But the judge looked at that statement, if you will, and said, well, there's no assertion of innocence here. And so the judge seemed to take that into account in his decision that there's no fair and just reason to allow the withdrawal. Was it wrong for the judge to factor that into its decision? Yes, Your Honor. We would argue that it was absent a understanding from the defendant as to what he thought about that. What do you? Well, it seems to me that... That's time. Counsel, why don't we hear your answer during your two-minute rebuttal? Yes, Your Honor. Thank you. Thank you. Attorney Maddox, if you could mute your audio and video at this time, and Attorney Aframe, as soon as he's muted, you can go ahead. Good morning, Your Honor. Seth Aframe for the United States. May it please the Court. I'll start with the withdrawal issue. The standard is well set out in this Court's cases. So Mr. Maddox is talking about whether he claimed innocence doesn't matter. Of course it does. It's one of the factors that the Court considers under its precedent for considering motions to withdraw guilty pleas. The first consideration is whether there was an appropriate Rule 11 colloquy. There's no real claim here that there wasn't, and the Court will review it and see that all the aspects of Rule 11 were complied with, everything was explained as it should have been. The real focus here is the reason for the withdrawal. Is there a good reason for the withdrawal? The defendant's argument is basically, I negotiated this plea agreement for a 120-month stipulated sentence, and I ended up going to sentencing without that agreement, and now I'm in a worse position. And he did end up being in a worse position because he was sentenced to 40 months more than that stipulated sentence was. But the real question is why. I think the mistake that I heard in Mr. Maddox's argument is conflating the plea agreement with the plea. So the plea agreement was null and void. Provision 16 allowed the government to move to make the plea agreement null and void if the defendant engaged in criminality. There's no dispute that he did. The plea agreement is null and void. Then the question is, well, should he get to withdraw from the plea itself for that reason? And the answer is no. The defendant negotiated for these terms. He negotiated for a 120-month term if he didn't commit additional criminality during the remaining time between the plea and the sentencing. If he failed to do that, the government exercised its rights. The defendant talks about provision 17, which says that if one provision of the plea agreement is void or unenforceable, the rest of the agreement is unenforceable. Well, that's not what happened here. None of the plea agreement was void or unenforceable. It simply was the defendant breached the agreement, and the government then exercised its rights. As to Judge Kayada has a question, please. Just so I understand the sequence here, they signed the agreement, and then he committed an act, and the government then moved to withdraw and was allowed to withdraw. Am I correct? That's correct. There was an evidentiary hearing. And then as a result of that, the district court never accepted the agreement. Is that correct? Correct. The district court never accepts the agreement. For a C plea, at the change of plea, the court will judge the defendant guilty of the offense but will defer acceptance of the plea agreement as it pertains to Section 6 until the time of sentencing when it can review the PSR to the district court. If I might, isn't it a little more complicated than that? Didn't the court accept the agreement to the extent of finding that there had been a violation and permitting the government to withdraw? Isn't that the underlying premise here? Yes. Sorry. Yes. The Section 6 is not accepted because the court's not agreeing at the change of plea hearing to impose 120 months because it wants to review the PSR. And did the court ever impose the sentence called for by the agreement? It did not. It ended up imposing a higher sentence. So that's where I'm having trouble. The agreement seems to say that if the court doesn't accept the agreement and doesn't impose the sentence called for, that he would withdraw. And at the Rule 11 colloquy, I'm looking at page 9, the Rule 11 colloquy, the court said to him, if the court does not accept that binding agreement and does not impose that sentence, do you understand that you would have the opportunity then to withdraw your guilty plea? And he said yes. So this puzzles me a lot. The court clearly interpreted the agreement the same way Mr. Maddox is saying we should interpret it and told the defendant. Why wouldn't we all be bound by that understanding of the agreement and let him do what the judge expressly told him he could do? Well, my answer is that what I believe Judge was doing there, which is done in every Rule 11 case I've ever seen, is follow what Rule 11 C1C sets forth, which is to tell a defendant, if I determine that this stipulated sentence is an inappropriate disposition of the case, you can exercise your rights under Rule 11, which is to withdraw the plea. That's what Rule 11 says. I believe that's what he's referring to when he says that. The issue here is, before we even get to that moment, the defendant has avoided the plea by engaging in this criminal conduct, and so we never reach that moment in the case. We don't reach the moment where the court rejects the Section 6 stipulation and the rest of the Rule 11 procedures come into play. Well, that would be fine if the court had simply said if it rejects, but the court says it doesn't accept it and does not impose the sentence. That's where I'm getting lost here. Well, there are different readings of that, and we are on an abuse of discretion review here. My reading of it was the two concepts were linked to each other. They were not independent, and I guess my reading of it is a bit closer to Mr. Afram's reading of it, but there is at least arguably some ambiguity here. Yeah, I mean, I hear that what Judge DeClerico said before the defendant engaged in the criminality is an attempt, I think, at least based on my experience in the district court here, is to articulate what Rule 11 provides in the C1C context. Now, I understand you reading that language, and I understand what that argument is. My point is, which I think is what Judge Lipps says, these are different concepts. What he's trying to say is if I don't impose the Section 6 stipulation, you're not going to do worse. You have the ability to start over, and that's we don't ask what was the judge trying to say. We don't expect the defendant to be a mind reader. We pay much attention to what the judge actually said, how the agreement works, and the fellow said, yes, he understood it, and then he's told he can't. Matt, I certainly understand what you're saying. I think that on the advice of counsel, who's an experienced practitioner in our court, this would have been explained that this is what all of this means. It doesn't mean that if you then go ahead and breach the plea agreement that you are just allowed to withdraw from the plea. Isn't this drafted by the government, this plea agreement? The plea agreement is drafted by the government. Those words were not drafted by the government that you read to me. Well, you think the judge was misunderstanding the plea agreement? Well, I think the plea agreement says that under Section 6, that if the court does not impose the stipulated sentence, the parties will be able to, the defendant will be able to withdraw from the plea. I don't have it exactly in front of me, but that's my understanding of our plea agreements. Counsel, did you say earlier there's been no Rule 11 challenge mounted in this appeal? No, there's been no claim that the Rule 11 call plea was defective in some way. As the defendant went through the elements of the withdrawal plea standard, the focus was not on, at all, on the Rule 11 call plea. You know, it also, even Paragraph 6, doesn't read the way you just said it. Paragraph 6 reads the way the judge interpreted it. It says, by using the word binding, the parties mean that if the court will not accept the plea agreement under Federal Rules of Procedure 11C3A. So, it doesn't, it doesn't, it determines whether we accept it or not. I would say that accept the plea agreement is a term of art under Rule 11. This wasn't the accepting of the plea agreement. This was a, I agree that the government can withdraw from the plea, which is a different concept. What's, what's the difficult, I mean, all this means, if we rule in his favor, all it means is he goes to get back and he doesn't go free. He is back and you can charge him with anything, any of the offenses that you dropped in the plea negotiations. I mean, people aren't going to be, I don't understand the, the downside of allowing people to do this because what are they going to do? Go out and commit a crime so they can withdraw from plea agreement and then get charged with two crimes? There are people, so, I mean, it depends what crime and how the government reacts, but that is the problem that the cases I cite talk about, which is that if, if there are many ways you could, you could do something that the government then can withdraw from the plea. If this, if this allows defendants to withdraw guilty pleas, as you have all seen, there are many cases where down the line, a defendant doesn't like the agreement he reached. And there are many cases that say, sorry, you're stuck with the agreement you reached. Well, if you can just exercise one of these, one of these escape hatches under the plea agreement to get out of the plea, then you could have cases where defendants use this offensively. Walk me through that because I don't understand that in most cases, he would have to go out and commit another crime, subjecting himself to further prosecution. That wouldn't wipe out the agreement. The government would then have the option of deciding do we withdraw or do we not withdraw? So it's entirely up to the government at that point to assess the. It will always be up to the government. That is correct. I mean, it won't be a self executing thing. It will be the government's decision. So. So give me an example of the case where this would blow back on us. Where the government. Where someone gains an advantage. Well, I mean, I guess your premise hypothesizes the government won't want to take the won't want to take the bait, so to speak. Right. The government just will will let it go because it's not always going to be criminality. You could have a plea agreement to say, well, the defendant know, you know, does something, something else as far as, you know, not continue to cooperate, not accept responsibility. I mean, there are many different things, but your premise will always be correct. None of this will be self executing. So I'm not saying I'm not saying that. And the government would be free to redraft to draft these agreements differently if it wanted to. I suppose, although I don't accept the premise that this agreement says that the I don't think the court rejected the plea agreement, and I think that that is a rule 11 term. That's what this is about. That is not what happened here. So I guess on that premise, I don't agree with you. OK, thank you. Thank you, Mr. Alfred. Thank you. Well, here, rebuttal. May it please the court, I would suggest that ambiguity in an agreement under principles of contract law should be construed against the drafter of the agreement and highly technical legal arguments about possibilities in the future should not necessarily be ascribed to someone in a defendant's position as to being fully aware as as to what those circumstances might arise in the future. And so we agree with you that there is some ambiguity here. Should that does that mean that your client should be able to withdraw the plea, given that there are other considerations that go into the fair and just cause analysis? I mean, uh, some of the considerations that the the judge identified and, you know, we do indicate that there are multiple considerations that go into that discretionary call. So you seem to think that if there is an ambiguity, that means your client should be should be able to withdraw. Is that is that your position? That that is my position, Your Honor. And I would suggest that the seven factors that were enunciated in the Benson case deserve a totality of the circumstances argument and that they should not be considered in the order that they were listed and that the totality of the circumstances in this case includes what Justice Cayeta has mentioned concerning page nine of the plea colloquy and the defendant's understanding as to his mental state when he entered into the into the agreement. Are there any further questions of counsel? No, thank you. No, thank you, Judge Lynch. Thank you, Mr. Maddox. Thank you, Your Honor. If that concludes the argument in this case, Attorney Maddox and Attorney Aframe, you should disconnect from the hearing at this time.